Curia, per

Evans, J.
The Abbeville Silk-growing Company is not a corporation. It is a mere co-partnership, and of course, as the defendant is one of the company, the others cannot sue him at law, and if this action cannot be maintained, no other person can sue. It is not intended to controvert the truth of the general proposition that the action must be in the name of him who has the beneficial interest in the contract. If a contract be made with an agent, for the use and ^benefit of his principal, the action must be in the name of the principal. That was decided in the case of Pigott vs. Thompson, (3 Bos. & Pul. 148;) Allen vs. Brasier, (2 Bailey, 55,) and in various other cases. But in all these cases, those entitled to the beneficiary interest, were either persons or corporations who could sue. In the case under consideration, the very object of the stipulation to pay to the treasurer may have been to avoid this very objection. It is a contract valid and binding in law, founded on sufficient consideration, and ought not to fail on account of an objection which it seems to me the defendant waived, when he entered into the contract. But it is further objected, that even if the defendant is liable to an action at the suit of the treasurer, he is only liable to him who was treasurer at the time of the contract, or to him who was treas-surer first. It is somewhat uncertain, on the evidence, whether at the time the constitution or articles of association were signed, there was any treasurer designated. It is more than likely the articles were signed before there was any election of officers. But, be that as it may, I think it wholly immaterial as to this case. The general rule is, a contract made with an agent, does not devolve on his successor, except in the case of public officers, corporations sole, and perhaps some other cases. In this case, the money was not payable immediately. The contract was to pay at such time and in such sums as the company should require. The fair interpretation then is, that the defendant promised(a) to pay, when called on by a resolution of the company, such sums as might be required, to him who then held the office of treasurer. The *197 plaintiff answers to this description of the payee. He alone could discharge the debt. He had an interest in the contract, because he was entitled to commissions; and as no one else could maintain an action upon the contract, it has been properly brought in his name, and the motion is dismissed.
See 4 Rich. 100. An.
Wardlaiu and Perrin, for the motion. Wilson, contra.
Gantt, Richabdson, and O’Xeall, JJ., concurred.

 To whom? An.